Appeal from an order of the Supreme Court, Erie County *1347 (John M. Curran, J.), entered August 28, 2013. The order, among other things, granted defendants’ motions for summary judgment.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this legal malpractice action against defendants, Kavinoky Cook LLP (Kavinoky) and Hodgson Russ, LLP (Hodgson), each having represented plaintiff The New Kayak Pool Corporation, now known as Kayak Pool Corporation (Kayak Pool) in a federal trademark infringement action. Seven months after Hodgson was substituted for Kavinoky as legal counsel for Kayak Pool, the federal action settled, and Kayak Pool received, inter alia, injunctive relief and $150,000 in full settlement of all its claims in that action. The settlement check was issued by an insurance company, and plaintiffs now allege that Kavinoky and Hodgson committed malpractice by failing to inquire as to the federal defendants’ insurance coverage. Plaintiffs further allege that, had Kayak Pool been aware that the federal defendants had insurance coverage, Kayak Pool would not have settled for only $150,000.
Following discovery in this action, plaintiffs moved for partial summary judgment on liability, and each of the defendants moved for summary judgment dismissing the amended complaint and all cross claims asserted against them. We conclude that Supreme Court properly granted defendants’ motions.
As a preliminary matter, we note that Kavinoky previously moved for summary judgment, and the order denying that motion was affirmed by this Court (New Kayak Pool Corp. v Kavinoky Cook LLP, 74 AD3d 1852, 1852-1853 [2010]). Contrary to plaintiffs’ contention, which is improperly raised for the first time on appeal (see Glenshaw Glass Co. v Great Atl. & Pac. Tea Co., 63 AD2d 893, 894 [1978]), Kavinoky was not barred by the doctrine of law of the case from filing a second motion for summary judgment. Discovery was not completed at the time of the first motion, and “[w]here, as here, the second motion is based upon new information obtained during disclosure, the second motion is not repetitive of the first and the court may rule on the merits of the second motion” (Schriptek Mktg. v Columbus McKinnon Corp., 187 AD2d 800, 801-802 [1992], lv denied 81 NY2d 704 [1993]; see Taillie v Rochester Gas & Elec. Corp., 68 AD3d 1808, 1809-1810 [2009]). In any event, “a subsequent summary judgment motion may be properly entertained when it is substantively valid and *1348 when the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts” (Valley Natl. Bank v INI Holding, LLC, 95 AD3d 1108, 1108 [2012]; see Town of Angelica v Smith, 89 AD3d 1547, 1549 [2011]).
Contrary to plaintiffs’ contention, the court properly granted defendants’ motions because a necessary element of a cause of action for legal malpractice is that the attorney’s negligence caused “a loss that resulted in actual and ascertainable damages” (Lincoln Trust v Spaziano, 118 AD3d 1399, 1401 [2014]; see Oot v Arno, 275 AD2d 1023, 1023-1024 [2000]), and defendants established as a matter of law that plaintiffs’ claims of damages are entirely speculative. Thus, defendants are entitled to summary judgment because they met their burden of establishing that plaintiffs are “unable to prove at least one of the essential elements of [their] legal malpractice cause of action” (Boglia v Greenberg, 63 AD3d 973, 974 [2009] [emphasis added]; see Grace v Law, 108 AD3d 1173, 1174-1175 [2013], affd 24 NY3d 203 [2014]; Wilk v Lewis & Lewis, P.C., 75 AD3d 1063, 1065 [2010]). “Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action” (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848 [2012], lv denied 20 NY3d 857 [2013]). Here, as in Lincoln Trust, plaintiffs’ theory of damages “is too speculative to survive defendants’ motion[s] for summary judgment” (Lincoln Trust, 118 AD3d at 1401), and plaintiffs “failed to submit nonspeculative evidence in support of [their] damages claims” in opposition to defendants’ motions (G & M Realty, L.P. v Masyr, 96 AD3d 689, 690 [2012]). Indeed, defendants established that the damages claimed by plaintiffs are “ ‘incapable of being proven with any reasonable certainty’ ” (Zarin v Reid & Priest, 184 AD2d 385, 388 [1992] [emphasis added]).
We understand the concern of our dissenting colleague that we are awarding defendants summary judgment based on gaps in plaintiffs’ proof (see Val Tech Holdings, Inc. v Wilson Manifolds, Inc., 119 AD3d 1327, 1329 [2014]) but, as noted, the inability of plaintiffs to establish actual damages is a sufficient basis to grant summary judgment to defendants in this legal malpractice action (see e.g. Country Club Partners, LLC v Goldman, 79 AD3d 1389, 1392 [2010]; Charos v Esseks, Hefter & Angel, 216 AD2d 511, 511 [1995]).
Contrary to plaintiffs’ contention with respect to Kavinoky, the court properly determined that Kavinoky’s failure to determine the existence of the federal defendants’ insurance coverage was not a proximate cause of plaintiffs’ alleged dam *1349 ages, which, is a necessary element of a cause of action for legal malpractice (see Oot, 275 AD2d at 1023). As noted by the court, “[i]t is undisputed that Kavinoky was discharged as [Kayak Pool’s] counsel, and Hodgson was substituted in as [Kayak Pool’s] counsel, prior to the time that any settlement negotiations began and that Kavinoky had no role whatsoever in those negotiations.” Moreover, although plaintiffs substituted Hodgson as their legal counsel only after the attorney who had initially represented plaintiffs left Kavinoky to join Hodgson (see New Kayak Pool Corp., 74 AD3d at 1852-1853), Kavinoky established that a different attorney at Hodgson overtook responsibility for representing plaintiffs once Hodgson was substituted as counsel. Therefore, despite the connection between the two law firms, there was no actual continuity of legal representation. Even if we were to assume, arguendo, that Kavinoky, through the actions of the first attorney, was negligent in failing to investigate the matter of insurance coverage, we note that Hodgson, through the newly assigned attorney, had over seven months in which to conduct its own investigation before settling the federal action on behalf of Kayak Pool. We thus conclude that Kavinoky established as a matter of law “that its actions did not proximately cause the plaintiffs’ alleged damages, and that subsequent counsel had a sufficient opportunity to protect the plaintiffs’ rights by pursuing any remedies it deemed appropriate on their behalf” (Katz v Herzfeld & Rubin, P.C., 48 AD3d 640, 641 [2008]; see e.g. Somma v Dansker & Aspromonte Assoc., 44 AD3d 376, 377 [2007]; Golden v Cascione, Chechanover & Purcigliotti, 286 AD2d 281, 281 [2001]; cf. Tooma v Grossbarth, 121 AD3d 1093, 1096-1097 [2014]; Grant v LaTrace, 119 AD3d 646, 647 [2014]), and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
All concur except Fahey, J., who dissents and votes to modify in accordance with the following memorandum.